

**SIGNED THIS 3rd day of July, 2019**

**THIS MEMORANDUM OPINION HAS BEEN ENTERED ON THE DOCKET. PLEASE SEE DOCKET FOR ENTRY DATE.**

Paul M. Black
UNITED STATES BANKRUPTCY JUDGE

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 13 |
| | ) | |
| MARTHA J. PRICE | ) | |
| | ) | CASE NO. 18-71260 |
| Debtor. | ) | |
| _____) | | _____ |

## MEMORANDUM OPINION

Martha Price (the "Debtor") filed a voluntary Chapter 13 petition in this Court on September 24, 2018. On April 3, 2019, Donna Broyles (the "Claimant") filed a proof of claim in the amount of $5,800 in the Court's claim register, to which the Chapter 13 Trustee (the "Trustee") objected. This matter is now before the Court on the Trustee's Objection to Claim (ECF No. 50), the Claimant's Motion for Extension of Time to File a Claim (the "Motion") (ECF No. 52), and responses to the Motion filed by the Debtor (ECF No. 53) and the Trustee (ECF No. 62). The Court held a hearing on the Motion and the Debtor's Response on May 22, 2019 and took the matter under advisement.[1] The parties having fully briefed the issue and the Court

---

[1] The matter first came before the Court on the Claimant's Motion and the Debtor's Response. However, while the matter was under advisement, the Trustee's Objection to Claim came before the Court at a hearing held on June 19, 2019. The Court gave the parties an opportunity to brief the issue and will now resolve all related matters pending before the Court.

having reviewed the same, the Court makes the following findings of fact and conclusions of law.

## **FINDINGS OF FACT**

The parties do not dispute the relevant facts of this case. The Debtor filed her petition on September 24, 2018 and the Court set the deadline to file non-government proofs of claim as December 3, 2018. Because the Debtor provided an incorrect address for the Claimant, the Claimant received delayed notice of the filing and of the § 341 meeting of creditors. However, the Claimant's local post office discovered the mistake and put the incorrectly addressed notice in the Claimant's post office box such that she received the notice prior to the first meeting of creditors scheduled for November 15, 2018. The Claimant appeared at the first meeting of creditors, but the Debtor did not appear. Debtor's counsel informed the Claimant the case may not succeed, but nonetheless suggested she obtain counsel. The meeting of creditors was rescheduled for December 17, 2018. The Claimant testified that she was unaware of the continued meeting and did not attend.

On April 3, 2019, the Claimant filed her proof of claim in the Court's claim register, to which the Trustee objected on April 4, 2019. The Claimant then filed her Motion for Extension of Time to File a Claim on April 9, 2019, and the Trustee and the Debtor have both objected to that Motion.

The Claimant argues that she did not have the same amount of time to file her proof of claim as other creditors in this case. She contends that because she had "insufficient notice of time to file a proof of claim," the Court should permit her to file a late proof of claim pursuant to Federal Rule of Bankruptcy Procedure 3002(c)(6). In response, the Trustee and Debtor argue

that the Claimant received actual notice prior to the meeting of creditors and with sufficient time to file a proof of claim before the December 3, 2018 bar date. Thus, the issue before the Court is whether the Debtor's failure to include a correct address for the Claimant warrants an extension of time to file her proof of claim under Rule 3002(c)(6). Because the Court agrees that the Claimant had sufficient notice and failed to file her proof of claim timely, it will sustain the Trustee's Objection to Claim and deny the Claimant's Motion.

## JURISDICTION

This Court has jurisdiction of this matter by virtue of the provisions of 28 U.S.C. §§ 1334(a) and 157(a) and the referral made to this Court by Order from the District Court on December 6, 1994 and Rule 3 of the Local Rules of the United States District Court for the Western District of Virginia. This Court further concludes that this matter is a "core" bankruptcy proceeding within the meaning of 28 U.S.C. § 157(b)(2)(B).

## CONCLUSIONS OF LAW

Federal Rule of Bankruptcy Procedure 3002(c) provides that a proof of claim is timely filed in a Chapter 13 case "if it is filed not later than 70 days after the order for relief under that chapter."[2] Fed. R. Bankr. P 3002(c). Any late claims generally must be disallowed. *See* 11 U.S.C. § 502(b)(9); *In re Blakely*, 440 B.R. 443, 445 (Bankr. E.D. Va. 2010) ("Tardily filed proofs of claim are not generally allowed."). However, the Rule allows a court to extend the time in which a creditor may file a proof of claim if one of several exceptions are met. As

---

[2] Federal Rule of Bankruptcy Procedure 9006 generally governs requests for extensions of time in bankruptcy court; however, by the language of Rule 9006(b)(3), "[t]he court may enlarge the time for taking action under . . . [Rule] 3002(c) . . . only to the extent and under the conditions stated in" that rule. Fed. R. Bankr. P. 9006(b)(3). Accordingly, the Court will focus its analysis only on Rule 3002(c).

relevant here, Rule 3002(c)(6) provides:

> On motion filed by a creditor before or after the expiration of the time to file a proof of claim, the court may extend the time by not more than 60 days from the date of the order granting the motion. The motion may be granted if the court finds that:
>
> (A) the notice was insufficient under the circumstances to give the creditor a reasonable time to file a proof of claim because the debtor failed to timely file the list of creditors' names and addresses required by Rule 1007(a); or,
> (B) the notice was insufficient under the circumstances to give the creditor a reasonable time to file a proof of claim, and the notice was mailed to the creditor at a foreign address.

The exceptions in Rule 3002(c)(6) thus each contain two elements: that the creditor (1) receive insufficient notice to give them reasonable time to file a proof of claim, (2) because one of the two required conditions were met. *See* Fed. R. Bankr. P. 3002(c)(6); *In re Wulff*, 598 B.R. 459 (Bankr. E.D. Wis. 2019) ("If insufficient notice alone were grounds for an extension, CNH would be entitled to one. But the rule requires more—the insufficient notice must result from one of the two conditions outlined in the rule.").

"The purpose of requiring a debtor to list creditors with their proper mailing addresses is to afford those creditors basic due process notice." *In re Glenwood Med. Grp., Ltd.*, 211 B.R. 282, 285 (Bankr. N.D. Ill. 1997). Due process does not require that a party receive actual notice, however, but notice "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 272 (2010) (quoting *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)).

The Claimant here argues that the Debtor's failure to provide an accurate address resulted in insufficient notice. She does not dispute that she, in fact, received actual notice. Nonetheless, she claims that to deny her an extension would be inequitable because it would

afford her less time to file her proof of claim than other creditors.  In support of her argument, she contends that the language of Rule "3002 has established that 70 days is the required adequate time."  (ECF No. 58, at 3.)  This simply is not the case.  Rule 3002(c) states that a proof of claim is timely if filed no later than seventy days after the order of relief—nowhere does the rule require that each creditor receive notice a full seventy days before the bar date.[3]

The exceptions in Rule 3002(c)(6) merely state that a court may grant an extension of time to file a proof of claim where notice is insufficient to provide a creditor a "reasonable time" to file their proof of claim.  Fed. R. Bankr. P. 3002(c)(6).  The Claimant here testified that she received notice prior to the § 341 meeting held over two weeks before the December 3, 2018 bar date.  When asked by the court if she knew to attend the meeting because of the notice she received, the Claimant answered in the affirmative.  Significantly, the claims deadline appears in the same notice and on the same page as the notice for the scheduled meeting of creditors.

In *In re Blakely*, the Bankruptcy Court for the Eastern District of Virginia faced a similar situation.  440 B.R. 443 (Bankr. E.D. Va. 2010).  There, the debtor provided an incorrect address for a creditor, but the creditor nonetheless discovered the debtor's bankruptcy filing in a PACER search prior to the bar date.  *Id.* at 445.  The court stated:

> [The creditor] knew that the case was a chapter 13 case, that it needed to file a proof of claim if it wanted to participate in distributions by the chapter 13 trustee and that there was a bar date for filing proofs of claims.  It had ample time between the June 2009 discovery date and the August 17, 2009 bar date within which to file a timely proof of claim.  The bank had adequate actual notice of the filing of the case and was not denied due process.

---

[3] Notably, even if the Court were to find that the Claimant here deserved a full seventy days to file her claim, she nonetheless filed her claim almost five months after having received notice.  Although it is unclear exactly when the post office discovered the incorrect address and delivered the notice to the Claimant's post office box, the Claimant testified that she actually received the notice prior to the § 341 meeting of creditors.  Even assuming that she received the notice on the same date of that meeting, November 15, 2018, her seventy days would have expired in January 2019.  Yet, she did not file her proof of claim until April 2019.

*Id.* at 446.   Accordingly, the court sustained the trustee's objection to the creditor's proof of claim.

The Claimant here instead directs the Court to *In re Barnes*, No. 07-31157, 2008 WL 2397618 (Bankr. D.N.D. June 10, 2008).   In *In re Barnes*, the court allowed a creditor to file a claim after the bar date where the creditor never received notice of the bar date.   There, the debtor did not provide a personal address for the creditor, but instead listed the address of an attorney who represented the creditor in a previous state-court matter.   The court found that "[m]ailing notice to Creditor's attorney in a prior state court proceeding located in a different state than Creditor is not proper notice."   *Id.* at *3.   Here, however, the Debtor attempted to send notice to the Claimant, not her representative, and the Claimant ultimately received notice of the bankruptcy case and bar date.

*Blakely* is more in line with the Claimant's situation.   Although the Debtor provided an incorrect address, the Claimant nonetheless received notice and could have timely filed a proof of claim.   For whatever reason, she decided to attend the creditors' meeting but not to file a proof of claim within the time instructed to do so by the very same form which told her when and where the meeting of creditors would take place.   She also failed to seek counsel as advised by the Debtor's attorney.   Thus, the Court finds that the Claimant here received adequate notice giving her a reasonable time to file her proof of claim.   Accordingly, the Claimant has failed to satisfy the first element of Rule 3002(c)(6) and the Court need not consider whether the Debtor properly filed her list of creditors pursuant to Rule 1007(a).[4]

---

[4] Presumably, the Claimant would argue that Rules 1007(a) and 3002(c)(6)(A) require debtors to timely file *accurate* schedules, such that the Court could grant an extension here.   Courts are split as to what level of accuracy Rule 1007(a) requires.   *Compare In re Wulff*, 598 B.R. at 465 (finding that a list of creditors satisfied Rule 1007(a)

## **CONCLUSION**

For the foregoing reasons, this Court finds that the Claimant filed her proof of claim after the bar date of December 3, 2018 and that the circumstances of this case do not warrant an extension of time to file the claim under Rule 3002(c). Accordingly, the Court will deny the Claimant's Motion for Extension of Time to File a Claim and sustain the Trustee's Objection to Claim.

A separate Order will be entered contemporaneously herewith.

---

even where the debtor provided an incorrect address for a creditor), *with In re Mazik*, 592 B.R. 812, 818 (E.D. Pa. 2018) (holding that a debtor fails to timely file the list of creditors required by Rule 1007(a) where the list omits the name and address of a creditor seeking relief under Rule 3002(c)(6)(A)), *and In re Fryman*, No. 18-20660, 2019 WL 2612763, at *3 (Bankr. E.D. Ky. June 25, 2019) (attempting to resolve the different holdings of *Mazik* and *Wulff* by suggesting that Rule 1007(a) requires that a debtor list the name and address of only those creditors appearing on the debtor's schedules—where the debtor omits the creditor from both documents, Rule 1007(a) may nonetheless be satisfied). *See also Gee v. Breedlove (In re Breedlove)*, Adv. Proc. No. 16-5179, 2018 WL 2305764, at *5 (Bankr. N.D. Ga. May 18, 2018) ("[T]he Debtor failed to comply with Fed. R. Bankr. P. 1007(a)(1) and (b) . . . because he did not list the Plaintiff as a creditor at his proper address . . . . Instead, he listed the Plaintiff as a creditor, but gave an incorrect address . . . ."). This Court need not jump into the fray of this discussion when the Claimant in this case received sufficient notice.

7